IN OPEN COURT
MAR - 5 2025
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WISAM NAGIB KHERFAN-OKDE,<br>    a/k/a "Wissam," "Luis," "Simon," "Alex,"<br>    "Angel Angel," "Plumita;"<br>    (Counts 1–3)<br><br>ALIRIO RAFAEL QUINTERO-QUINTERO<br>    a/k/a "Ali Ahmed El Reda Jaafar," "Fakir,"<br>    "Rafael," "Rafa," "Raffaello," "Bashar,"<br>    "Dalil," "Ramses," "Cleo;"<br>    (Counts 1–6)<br><br>and<br><br>ANTOINE KASSIS<br>    a/k/a "Toni," "Tony," "Anthony Cassis,"<br>    "Wadad"<br>    (Counts 1, 2)<br><br>        *Defendants.* | Case No. 1:25-CR-51 (MSN)<br><br>Count 1: Narco-Terrorism Conspiracy<br>(21 U.S.C. § 960a)<br><br>Count 2: Conspiracy to Provide Material Support or Resources to a Designated Foreign Terrorist Organization<br>(18 U.S.C. § 2339B)<br><br>Count 3: Money Laundering Conspiracy<br>(18 U.S.C. §§ 1956(h), 1956(a)(3))<br><br>Counts 4–6: Money Laundering<br>(18 U.S.C. § 1956(a)(3))<br><br>Forfeiture Notice<br><br>**Under Seal** |

## INDICTMENT

March Term — Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

At all times relevant to this Indictment, unless otherwise specified:

### General Allegations

1. Defendant WISAM NAGIB KHERFAN OKDE, a/k/a "Wissam," a/k/a "Luis," a/k/a "Simon," a/k/a "Alex," a/k/a "Angel Angel," a/k/a "Plumita" ("KHERFAN") and Defendant ALIRIO RAFAEL QUINTERO-QUINTERO, a/k/a Ali Ahmed El Reda Jaafar, a/ka Fakir, a/k/a

Rafael, a/k/a Rafa, a/k/a Raffaello, a/k/a Bashar, a/k/a Dalil, a/k/a Ramses, a/k/a Cleo ("QUINTERO") operated as part of a worldwide money laundering network headquartered in Lebanon. This network provided money laundering services to drug cartels, foreign terrorist organizations, and others, and took a portion of the money laundered as payment for its services.

2. QUINTERO, who was based in Mexico and Colombia, coordinated money laundering transactions between the United States, Mexico, and Colombia, including multi-million dollars sums of drug proceeds on behalf of the Sinaloa Cartel.

3. KHERFAN, who was based in Colombia, was a leader in the money laundering organization who primarily handled money laundering transactions outside of QUINTERO's area of responsibility.

4. Defendant ANTOINE KASSIS, a/k/a "Toni," "a/k/a Tony," a/k/a "Anthony Cassis," a/k/a "Wadad," ("KASSIS") was a Lebanon-based drug trafficker who used his high-level access to the Syrian government under the Assad regime to facilitate his drug trafficking. KASSIS laundered the proceeds of his drug trafficking through KHERFAN and his organization. Even after the fall of the Assad regime, KASSIS had access to weapons previously provided to the Assad regime by foreign governments, including Russia and Iran.

5. Since in or about 1965, the National Liberation Army, or ELN, has operated as a terrorist group based in Colombia dedicated to the violent overthrow of the democratically elected Government of Colombia. Among other activities, the National Liberation Army (ELN) has committed kidnappings, bombings, and other violent attacks targeting civilians in furtherance of its agenda. In order to finance its operations, the National Liberation Army (ELN) has engaged in illegal narcotics trafficking, and in particular the international trafficking of ton-quantities of cocaine, among other activities.

2

6.  On October 8, 1997, the United States Secretary of State designated the National Liberation Army as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act. On October 31, 2001, the Secretary of State also designated the National Liberation Army as a Specially Designated Global Terrorist under Executive Order 13224. The Secretary of State has also listed the following aliases for the National Liberation Army: ELN, Ejercito de Liberacion Nacional. To date, the National Liberation Army (ELN) remains a designated FTO, and has been at all relevant times in this Indictment.

7.  Beginning in approximately February of 2023, QUINTERO began laundering money that QUINTERO believed to be drug proceeds of the National Liberation Army (ELN). On three occasions, QUINTERO received bank wire transfers totaling approximately $439,979 that originated from bank accounts located in the Eastern District of Virginia, converted the funds to cryptocurrency, and remitted the funds to wallets QUINTERO believed to be controlled by the ELN. The bank accounts and the cryptocurrency wallet used by QUINTERO were all maintained in third party names.

8.  Beginning in approximately April of 2024, KHERFAN, working with QUINTERO, agreed to receive cryptocurrency transfers that they believed to be from the National Liberation Army (ELN). The cryptocurrency transfers were initiated from the United States to cryptocurrency wallets used by KHERFAN. KHERFAN then arranged for cash deliveries in Africa to individuals that the conspirators believed to be pilots transporting cocaine and weapons. In total, KHERFAN received approximately $641,600 in cryptocurrency transfers and arranged for four cash deliveries in Ghana and Morocco.

9.  From approximately April 2024 to the present, KHERFAN, QUINTERO, and KASSIS agreed to supply military-grade weapons diverted from the Assad regime in Syria to the

3

National Liberation Army (ELN) in exchange for hundreds of kilograms of cocaine. In furtherance of the scheme, KASSIS traveled from Lebanon to Kenya to meet a weapons inspector from the National Liberation Army (ELN). KASSIS then signed a contract to import a shipping container full of fruit from Colombia to the Port of Latakia, Syria, intending that the container would actually contain 500 kilograms of cocaine. KASSIS intended to oversee the distribution of the cocaine in the Middle East, and KHERFAN and QUINTERO intended to launder the proceeds on his behalf.

## Count One

*Narco-Terrorism Conspiracy*
(21 U.S.C. § 960a)

THE GRAND JURY FURTHER CHARGES THAT:

### A. Introductory Allegations

The allegations contained in paragraphs 1 through 9 of the General Allegations of this Indictment are fully incorporated here by reference.

### B. Statutory Allegation

From at least in and around April 2024 through February 26, 2025, in an offense begun and committed out of the jurisdiction of any particular state or district of the United States, including in Colombia, Ghana, Morocco, Turkey, Lebanon, Syria, and elsewhere, the defendants WISAM NAGIB KHERFAN-OKDE, ALIRIO RAFAEL QUINTERO-QUINTERO, and ANTOINE KASSIS, at least one of whom is expected to be brought first to and arrested in the Eastern District of Virginia, did knowingly and intentionally combine, conspire, confederate and agree with each other, and others known and unknown, to commit the following offense against the United States: to engage in conduct that would be punishable under Title 21, United States Code, Section 841(a), if committed within the jurisdiction of the United States, that is to knowingly and intentionally manufacture, distribute, and possess with intent to manufacture and distribute five kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, knowing and intending to provide, directly and indirectly, anything of pecuniary value to any person and organization that has engaged and engages in terrorist activity (as defined in Title 8, United States Code, Section 1182(a)(3)(B)) and terrorism (as defined in Title 22, United States Code, Section 2656f(d)(2)), to wit, the National Liberation Army (ELN) (which at all relevant times had been designated by the United States

Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act and remains so designated), having knowledge that the said person and organization has engaged and engages in terrorist activity and terrorism.

Pursuant to Title 21, United State Code, Section 960a(b), jurisdiction arises as: (1) the prohibited drug activity and terrorist offense are in violation of the criminal laws of the United States, (2) the offense, the prohibited drug activity, and the terrorist offense occurred in and affected interstate and foreign commerce, and (3) after the offense conduct occurred, the offenders will be brought into and found in the United States.

(Title 21, United States Code, Sections 960a, 960a(b), 841(a)(1), 841(b)(1)(A)(ii), and Title 18, United States Code, Sections 3238 and 2)

## Count Two

*Conspiracy to Provide Material Support or Resources to a
Designated Foreign Terrorist Organization*
(18 U.S.C. § 2339B)

THE GRAND JURY FURTHER CHARGES THAT:

### A. Introductory Allegations

The allegations contained in paragraphs 1 through 9 of the General Allegations are fully incorporated here by reference.

### B. Statutory Allegation

From at least in and around April 2024 through February 26, 2025, in an offense begun and committed out of the jurisdiction of any particular state or district of the United States, including in Colombia, Ghana, Morocco, Turkey, Lebanon, Syria, and elsewhere, the defendants, WISAM NAGIB KHERFAN-OKDE, ALIRIO RAFAEL QUINTERO-QUINTERO, and ANTOINE KASSIS, at least one of whom is expected to be brought first to and arrested in the Eastern District of Virginia, did knowingly conspire with each other, and others known and unknown, to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), namely, currency and monetary instruments, money laundering services, and weapons, to a foreign terrorist organization—namely, the National Liberation Army (ELN), which at all relevant times was designated by the United States Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act—knowing that the National Liberation Army (ELN) was a designated foreign terrorist organization, that the National Liberation Army (ELN) engages and has engaged in terrorist activity, and that the National Liberation Army (ELN) engages and has engaged in terrorism.

Pursuant to Title 18, United States Code, Section 2339B(d), jurisdiction arises as (1) the offense occurred in part within the United States; (2) the offense occurred in and affected interstate and foreign commerce; and (3) after the offense conduct occurred, the offenders will be brought into and found in the United States.

(Title 18, United States Code, Sections 2339B and 3238)

## Count Three

*Money Laundering Conspiracy*
(18 U.S.C. § 1956(h))

THE GRAND JURY FURTHER CHARGES THAT:

### A. Introductory Allegations

The allegations contained in paragraphs 1 through 9 of the General Allegations are fully incorporated here by reference.

### B. Statutory Allegation

From at least in and around February 2023 through February 26, 2025, in the Eastern District of Virginia, and in an offense begun and committed out of the jurisdiction of any particular state or district of the United States, including in Colombia, Ghana, Morocco, Turkey, Lebanon, Syria, and elsewhere, the defendants, WISAM NAGIB KHERFAN-OKDE and ALIRIO RAFAEL QUINTERO-QUINTERO, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to commit certain offenses against the United States, in violation of Title 18, United Sates Code, Sections 1956, that is:

1. To knowingly conduct and attempt to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, and represented to be property used to conduct and facilitate specified unlawful activity, with the intent:

    a. To promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(A); and

    b. To conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(A)(3)(B).

9

It is further alleged that the specified unlawful activity is the manufacture, importation, sale and distribution of cocaine, a schedule II controlled substance, punishable under the laws of the United States and Colombia.

Pursuant to Title 18, United States Code, Section 1956(f), jurisdiction arises as the conduct occurred in part in the United States, and the transactions and series of related transactions involved funds and monetary instruments of a value exceeding $10,000.

(Title 18, United States Code, Section 1956(h), 1956(i), and 3238)

## Count Four

*Money Laundering*
(18 U.S.C. § 1956(a)(3))

THE GRAND JURY FURTHER CHARGES THAT:

A. **Introductory Allegations**

The allegations contained in paragraphs 1 through 9 of the General Allegations are fully incorporated here by reference.

On February 1, 2023, the defendant ALIRIO RAFAEL QUINTERO-QUINTERO received a bank wire transfer of approximately $100,000 from a bank account located in the Eastern District of Virginia that QUINTERO believed to be narcotics proceeds. On February 2, 2023, QUINTERO transferred approximately $94,992.90 in cryptocurrency to a cryptocurrency wallet that QUINTERO believed to be controlled by the National Liberation Army (ELN).

B. **Statutory Allegation**

On or about February 1 and February 2, 2023, in the Eastern District of Virginia and elsewhere, the defendant ALIRIO RAFAEL QUINTERO-QUINTERO, who is expected to be first brought to and arrested in the Eastern District of Virginia, conducted and attempted to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, and property used to conduct and facilitate specified unlawful activity, with the intent to (i) promote the carrying on of specified unlawful activity, and (ii) conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity.

It is further alleged that the specified unlawful activity is the manufacture, importation, sale and distribution of cocaine, a schedule II controlled substance, punishable under the laws of the United States and Colombia.

Pursuant to Title 18, United States Code, Section 1956(f), jurisdiction arises as the conduct occurred in part in the United States, and the transactions and series of related transactions involved funds and monetary instruments of a value exceeding $10,000.

(Title 18, United States Code, Sections 1956(a)(3)(A) and (a)(3)(B), 1956(i), and 3238).

## Count Five

*Money Laundering*
(18 U.S.C. § 1956(a)(3))

THE GRAND JURY FURTHER CHARGES THAT:

### A. Introductory Allegations

The allegations contained in paragraphs 1 through 9 of the General Allegations are fully incorporated here by reference.

On approximately February 8, 2023, the defendant ALIRIO RAFAEL QUINTERO-QUINTERO received a bank wire transfer of approximately $199,999 from a bank account located in the Eastern District of Virginia that QUINTERO believed to be narcotics proceeds. Between approximately February 9 and February 13, 2023, QUINTERO transferred approximately $183,412.91 in cryptocurrency to a cryptocurrency wallet that QUINTERO believed to be controlled by the National Liberation Army (ELN).

### B. Statutory Allegation

On or about February 8, 2023, through February 13, 2023, in the Eastern District of Virginia and elsewhere, the defendant ALIRIO RAFAEL QUINTERO-QUINTERO, who is expected to be first brought to and arrested in the Eastern District of Virginia, conducted and attempted to conduct financial transactions involving property represented to be the proceeds of specified unlawful activity, and property used to conduct and facilitate specified unlawful activity, with the intent to (i) promote the carrying on of specified unlawful activity, and (ii) conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity.

It is further alleged that the specified unlawful activity is the manufacture, importation, sale and distribution of cocaine, a schedule II controlled substance, punishable under the laws of the United States and Colombia.

Pursuant to Title 18, United States Code, Section 1956(f), jurisdiction arises as the conduct occurred in part in the United States, and the transactions and series of related transactions involved funds and monetary instruments of a value exceeding $10,000.

(Title 18, United States Code, Sections 1956(a)(3)(A) and (a)(3)(B), 1956(i), and 3238).

**Count Six**

*Money Laundering*
(18 U.S.C. § 1956(a)(3))

THE GRAND JURY FURTHER CHARGES THAT:

A.   <u>**Introductory Allegations**</u>

The allegations contained in paragraphs 1 through 9 of the General Allegations are fully incorporated here by reference.

On approximately March 22, 2023, the defendant ALIRIO RAFAEL QUINTERO-QUINTERO received a bank wire transfer of approximately $139,980 from a bank account located in the Eastern District of Virginia that QUINTERO believed to be narcotics proceeds. Between approximately March 23 and April 4, 2023, QUINTERO transferred approximately $99,982 in cryptocurrency to a cryptocurrency wallet that QUINTERO believed to be controlled by the National Liberation Army (ELN).

B.   <u>**Statutory Allegation**</u>

On or about March 22, 2023, through April 4, 2023, in the Eastern District of Virginia and elsewhere, the defendant ALIRIO RAFAEL QUINTERO-QUINTERO, who is expected to be first brought to and arrested in the Eastern District of Virginia, conducted and attempted to conduct financial transactions involving property represented to be the proceeds of specified unlawful activity, and property used to conduct and facilitate specified unlawful activity, with the intent to (i) promote the carrying on of specified unlawful activity, and (ii) conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity.

It is further alleged that the specified unlawful activity is the manufacture, importation, sale and distribution of cocaine, a schedule II controlled substance, punishable under the laws of the United States and Colombia.

Pursuant to Title 18, United States Code, Section 1956(f), jurisdiction arises as the conduct occurred in part in the United States, and the transactions and series of related transactions involved funds and monetary instruments of a value exceeding $10,000.

(Title 18, United States Code, Sections 1956(a)(3)(A) and (a)(3)(B), 1956(i), and 3238).

FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE FOR FORFEITURE, AS DESCRIBED BELOW:

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendants, WISAM NAGIB KHERFAN-OKDE, ALIRIO RAFAEL QUINTERO-QUINTERO, and ANTOINE KASSIS, are hereby notified that upon conviction of the offense set forth in Count One of the Indictment, the defendants, WISAM NAGIB KHERFAN-OKDE, ALIRIO RAFAEL QUINTERO-QUINTERO, and ANTOINE KASSIS, shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a) and 970: (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendants, WISAM NAGIB KHERFAN-OKDE, ALIRIO RAFAEL QUINTERO-QUINTERO, and ANTOINE KASSIS, are hereby notified that upon conviction of the offense set forth in Count Two of the Indictment, the defendants, WISAM NAGIB KHERFAN-OKDE, ALIRIO RAFAEL QUINTERO-QUINTERO, and ANTOINE KASSIS, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property real or personal, which constitutes or is derived from proceeds traceable to the offense; and pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), the following: (1) all assets, foreign or domestic, of any individual, entity, or organization engaged in planning or perpetrating the violation against the United States, citizens or residents of the United States, or their property and all assets, foreign or domestic, affording a source of influence over any such entity or organization; (2) all assets, foreign or domestic, acquired or maintained with the intent and for the purpose of supporting, planning, conducting,

or concealing the violation against the United States, citizens or residences of the United States, or their property; (3) all assets, foreign and domestic, derived from, involved in, or used or intended to be used to commit the violation against the United States, citizens or residents of the United States, or their property; and (4) all assets, foreign and domestic, of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism against any international organization or against any foreign Government.

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendants, WISAM NAGIB KHERFAN-OKDE, ALIRIO RAFAEL QUINTERO-QUINTERO, and ANTOINE KASSIS, are hereby notified that upon conviction of the offense set forth in Counts Three through Six of the Indictment, the defendants, WISAM NAGIB KHERFAN-OKDE, ALIRIO RAFAEL QUINTERO-QUINTERO, and ANTOINE KASSIS, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in the violation, or any property traceable to such property.

Pursuant to 21 U.S.C. § 853(p), the defendants, WISAM NAGIB KHERFAN-OKDE, ALIRIO RAFAEL QUINTERO-QUINTERO, and ANTOINE KASSIS, shall forfeit substitute property, if, by any act or omission of the defendants, WISAM NAGIB KHERFAN-OKDE, ALIRIO RAFAEL QUINTERO-QUINTERO, and ANTOINE KASSIS, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 981(a)(1)(G), and 982(a)(1); Title 28, United States Code, Section 2461(c); Title 21, United States Code, Sections 853 and 970; and Rule 32.2(a) of the Federal Rules of Criminal Procedure)

A TRUE BILL:

Pursuant to the E-Government Act,,
The original of this page has been filed
under seal in the Clerk's Office

FOREPERSON OF THE GRAND JURY

Erik S. Siebert
United States Attorney

By: _____
Anthony T. Aminoff
Assistant United States Attorney